377 So.2d 767 (1979)
Althea G. BISHOP and William J. Bishop, Sr., As Individuals and As Parents and Next Friends of Patti Robin Bishop, a Minor, Appellants,
v.
FLORIDA SPECIALTY PAINT COMPANY a Florida Corporation, and J.D. MacRae, Jr., Appellees.
No. PP-187.
District Court of Appeal of Florida, First District.
December 4, 1979.
Peter J. Kellogg and Homer H. Humphries, Jr. of Grissett, Humphries & Neder, Jacksonville, for appellants.
Robert F. Spohrer, John B. Culp, Jr., Victor M. Halbach, Jr., Herbert R. Kanning and Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
LARRY G. SMITH, Judge.
Appellants were injured when the private airplane in which they were passengers crashed in South Carolina. A summary final judgment in their Florida tort action was entered in favor of appellees, the owner and pilot, respectively, of the plane. On appeal we are requested to overturn the summary judgment by holding that the law of Florida governing the standard of care applicable to the pilot and owner should be applied, rather than the law of South Carolina upon which the trial judge based his ruling.
South Carolina has a "guest statute"[1] limiting negligence actions by nonpaying aircraft passengers against the owner or operator to cases in which the accident is intentional or caused by the heedless or reckless disregard for the rights of others. The ordinary rules of negligence liability would be applicable if the accident had occurred in Florida. Appellants concede that the negligent acts in question would not rise to the level necessary for recovery under the South Carolina statute; but they contend that there was such negligence as might entitle plaintiffs to recovery under Florida law.
This appeal raises for consideration the question of whether the trial court and this court are bound by the rule of lex loci delicti so that South Carolina's more restrictive negligence statute would apply and thus bar recovery by appellants; or whether the Florida courts should refuse to apply the South Carolina law, either by outright abandonment of the lex loci delicti rule, or *768 by rejection of South Carolina's law on the grounds that principles of comity do not require application of foreign law where it would be repugnant to the public policy of Florida.
Appellants present cogent legal arguments and reasoning in support of their request for adoption of a different choice of law rule in tort actions than the one firmly imbedded in the Florida case law.[2] Factually, this case seems to be one in which a closer look at the rule followed in Florida would be justified. The appellants and the individual appellee are and were Florida residents. Florida Specialty is a Florida corporation. The flight originated in Jacksonville, Florida. The status of appellants as nonpaying guest passengers is established in the record. The airplane's destination was North Carolina. The only connection of any of the parties or the occurrence with South Carolina is that difficulties with the airplane's engine occurred over and the trip was abruptly ended with the crash in South Carolina.
Appellants rather forcefully argue that the opinion and decision of the Supreme Court of Florida in Hopkins v. Lockheed Aircraft Corporation, 201 So.2d 743 (Fla. 1967), indicates disapproval, by a majority of the Justices then sitting, of the lex loci delicti rule. They urge that the court in that case expressed a decided preference for the rule's abandonment in favor of what is sometimes termed the "center of gravity" approach,[3] a more flexible rule which permits a choice of law based upon an analysis of the "policies underlying and the purpose of the conflicting laws and of the relationship of the occurrence and of the parties to such policies and purpose" (Hopkins, supra, at 747). Under this rule, the law of a foreign state would be given effect "when  and only when  such purposes or policies would be served or effectuated ..." (Hopkins, at 747). Despite the uncertainties created by the court's action in Hopkins of first receding from the lex loci delicti rule (by a vote of 4 to 3) and then, on rehearing granted, reversing its original opinion (by a vote of 4 to 3), we conclude that the net effect of the decision was to leave intact the rule as previously established and generally followed by the Florida courts.
In view of the duty upon this court to follow case law as set forth by the Supreme Court[4], we are compelled to affirm the ruling of the trial judge, who obviously followed the lex loci delicti rule. However, we deem the matter here to be one of such importance that we certify, as a question of great public interest[5], to the Supreme Court of Florida, the following question:
Does the lex loci delicti rule govern the rights and liabilities of the parties in tort actions, precluding consideration by the Florida courts of other relevant considerations, such as the policies and purposes underlying the conflicting laws of a foreign jurisdiction where the tort occurred, and the relationship of the occurrence and of the parties to such policies and purposes?
The judgment appealed from is affirmed and the question is certified to the Supreme Court of Florida.
McCORD, Acting C.J., and SHIVERS, J., concur.
NOTES
[1] § 55-1-10, Code of South Carolina, provides in pertinent part:

"No person transported by the owner or operator of an aircraft as his guest without payment for such transportation shall have a cause of action for damages against such aircraft, its owner or operator for injury, death or loss in case of accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."
[2] The rights of the parties in tort actions are governed by the law of the place where the tort was committed. Astor Electric Service v. Cabrera, 62 So.2d 759 (Fla. 1952); Hopkins v. Lockheed Aircraft Corporation, 201 So.2d 743 (Fla. 1967); Tom v. Messinger, 235 So.2d 333 (Fla. 2nd DCA 1970); Ganem v. Ganem de Issa, 269 So.2d 740 (Fla. 3rd DCA 1972), cert. den. 414 U.S. 1113, 94 S.Ct. 844, 38 L.Ed.2d 740.
[3] See Babcock v. Jackson, (1963), 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1, and other cases cited in Hopkins v. Lockheed Aircraft Corporation, supra, page 747.
[4] Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[5] Article V, Section 3(b)(3), Florida Constitution.