**Riccardo MASERA, surviving husband of Isabella Lucci Masera, deceased, and Vittoria Lucci and Oscar Lucci, surviving parents of the decedent, Plaintiffs,**

v.

**TRANS WORLD AIRLINES, INC. and Charles C. Tillinghast, Jr., Chairman of the Board and Chief Executive Officer of Trans World Airlines, Inc., and J. H. Steele, Director of Security for Trans World Airlines, Inc., Defendants.**

**Ampilio MAGNONI and Ada Magnoni, surviving parents of Angela Magnoni, deceased, Plaintiffs,**

v.

**TRANS WORLD AIRLINES, INC. and Charles C. Tillinghast, Jr., Chairman of the Board and Executive Officer of Trans World Airlines, Inc., and J. H. Steele, Director of Security for Trans World Airlines, Inc., Defendants.**

**Nos. 75 Civ. 4842, 75 Civ. 1825 (KTD).**

United States District Court, S. D. New York.

June 30, 1980.

Speiser & Krause, P. C., New York City, for plaintiffs; Charles F. Krause, New York City, of counsel.

Bigham Englar Jones & Houston, New York City, for defendants; John J. Martin, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs are the surviving parents and the surviving spouse of two deceased flight attendants who were killed when a Trans World Airline [hereinafter "TWA"] 707 jet crashed in the Ionian Sea en route to Rome, Italy. All plaintiffs are, and their decedents Isabella Masera and Angela Magnoni, were, citizens and residents of Italy. TWA is an American carrier. In two separate actions for wrongful death, plaintiffs allege negligence, and in the alternative, strict tort liability pursuant to the Warsaw Convention [1] as modified by the Montreal Agreement. Under these facts, diversity of citizenship pursuant to 28 U.S.C. § 1331 must be considered as the basis for jurisdiction. Defendant TWA moves for summary judgment pursuant to Fed.R.Civ.P. 56(b).

---

1. 49 Stat. 3000 *et seq.*, T.S.No. 876 (concluded at Warsaw, Poland, Oct. 12, 1929).

Plaintiffs oppose such motion and cross move to dismiss TWA's affirmative defenses.

The facts are undisputed. Plaintiffs' decedents were employed on TWA's Flight 841 which was destined for Rome, Italy on September 8, 1974. Never reaching its destination, Flight 841 crashed into the Ionian Sea causing the death of all on board. At the time of the crash, the plane was on the Athens to Rome leg of a flight from Tel Aviv to New York. Both decedents were based in Rome and apparently were scheduled to deplane from Flight 841 in Rome on the day of the unfortunate occurrence.

Prior to the incident, TWA had obtained Occupational Life and Accident [hereinafter "OLAI"] insurance from the Reliance Insurance Corporation through the Rome, Italy office of Johnson and Higgins. The policy was issued to TWA by the insurance company's General Representative in Italy. The policy was issued in the Italian language and its benefits were payable, and were paid in Italian lire.

It is clear that TWA obtained this policy with the intention of complying with Article 935 of the Italian Code of Navigation. That section provides in pertinent part:

> The operator shall insure personnel who regularly or occasionally navigate. . .

> Such insurance shall relieve the operator from liability for flight accidents of the personnel in the cases provided for by the law on compulsory insurance for accidents on the job.

In accordance with this section and the effective OLAI policy, Reliance Insurance Company paid the plaintiff husband of Isabella Lucci Masera and the plaintiff parents of both Masera and Magnoni as beneficiaries. Upon receipt of the benefits, these beneficiaries signed releases.

The threshold question before me is that of jurisdiction. While plaintiffs are citizens of Italy, TWA may be considered a citizen of either Delaware, its place of incorporation, or New York, its principal place of business. 28 U.S.C. § 1332(c). The amount in controversy exceeds $10,000 and thus, jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1332(a)(2). Accordingly, I address the controversy concerning application of the conflict of law rules. Plaintiffs claim that since the incident occurred over the open sea, the controlling law is that of the flag of the airline. Consequently, plaintiffs request that the law of the United States be applied and, more particularly the law of the State of New York. New York law is suggested because TWA has its principal office in New York. Accordingly, plaintiffs argue that since the OLAI Policy did not meet the requirements of the New York Workmen's Compensation Law, the plaintiffs are free to maintain this action.

■ The defendants argue on the other hand that Italian law should apply and that in doing so, the actions are barred by the Italian Code of Navigation. My analysis indicates that it does not matter under which law one begins for the result would be the same.[2] In cases where jurisdiction is based on diversity of citizenship, federal courts must apply the conflict of law rules of the state where they sit. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, for purposes of this case, New York conflict of law rules apply. In New York the choice of law with respect to torts is determined according to the "center of gravity" or "grouping of contacts" doctrine. *Hormel Int'l Corp. v. Arthur Andersen & Co.*, 55 App.Div.2d 905, 906, 390 N.Y.S.2d 457, 458 (2d Dep't 1977) (*quoting Babcock v. Jackson*, 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279, 281 (1963)). Under the facts of the instant case it appears that Italy "has the greatest concern with the specific issue raised in [this] litigation." *Babcock, supra*, at 481, 240 N.Y.S.2d at 749, 191 N.E.2d at 281. More particularly, the decedents were Italian citizens working out

---

**2.** Regardless of whether we begin with the Italian Code of Navigation and go to New York's choice of law rules, Italian law applies. This is so because New York's rules mandate application of the laws of the place with the greatest contacts.

of Rome, Italy, where they were employed by TWA. The plane was en route to Rome when the crash occurred. A compensation policy was purchased and issued in Rome, Italy pursuant to Italian law; the benefits under this policy were paid in Italian lire. Moreover, all plaintiffs in this case are Italian citizens living in Italy. The only significant contact with New York is that TWA's principal office is in New York. Other than this, the only connection with the United States is the ultimate destination of Flight 841 to New York. Upon weighing the contacts of the respective jurisdictions, I conclude that application of Italian law is mandated by New York's "center of gravity" doctrine.

 Finally, I turn to the merits of this case pursuant to Italian law: (1) whether the Occupational Life and Disability insurance policy under which plaintiffs recovered was obtained by TWA for purposes of complying with Article 935 of the Italian Code of Navigation, and (2) whether the remedy mandated by Article 935 of the Italian Code of Navigation is an exclusive remedy.

Having said that the OLAI policy in question clearly was obtained for purposes of complying with Article 935 of the Italian Code of Navigation,[3] the sole question to be resolved is whether the remedy mandated by Article 935 of the Italian Code of Navigation is an exclusive remedy. It seems that there is no controversy regarding this point. See Defendants' Affidavit in Opposition to Summary Judgment, at 4. The significant provision of Article 935 of the Italian Code of Navigation clearly provides that "[the insurance required by this section] shall relieve the operator from liability for flight accidents of the personnel in the cases provided for by the law on compulsory insurance for accidents on the job." Italian Code of Navigation, Art. 935. Thus, the OLAI policy provided by TWA pursuant to

the Italian Code of Navigation was an exclusive remedy "for flight accidents of the personnel." *Id.* The validity of the release signed by plaintiffs need not be scrutinized; plaintiffs admit having received the benefits of the OLAI policy. Those insurance benefits are their exclusive remedy.

Having searched the record, it is clear that there are no material issues of fact. Plaintiffs entire case is barred by reason of Article 935 of the Code of Navigation of the Republic of Italy. Having received OLAI benefits, plaintiffs exhausted their remedy under Italian law. Consequently, defendants' motion for summary judgment is granted.

Judgment will enter accordingly, but no costs will be allowed.

---

**3.** The policy provides that "coverage begins when the F/A leaves his residence in the country of his base to report to duty and terminates upon his return to his residence in the country of his base upon completion of duty." *Id.* at Plaintiffs' Exhibit 1, at 2. Moreover, the release signed by plaintiff Riccardo Masera, surviving husband of Isabella Lucci Masera, states that payment of benefits pursuant to the OLAI policy was done so "in the sense of Art. 936 of the Code of Navigation." Defendants' Notice of Motion for Summary Judgment, attached Exhibit E.