386 So.2d 600 (1980)
Helen Powell OLSEN, As Personal Representative of the Estate of Johnnie B. Olsen, Appellant,
v.
STATE FARM AUTOMOBILE INSURANCE CO., etc., Appellee.
No. 78-2753/T4-345.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
*601 Ferrell & Jacobus, Melbourne, and Edna L. Caruso, West Palm Beach, for appellant.
Thomas G. Kane of Driscoll, Langston, Layton & Kane, P.A., Orlando, for appellee.
COBB, Judge.
In 1976, Johnnie Olsen was killed in an automobile accident in Illinois. At that time, he was a resident of Florida and insured by an automobile insurance policy issued in Florida by State Farm. The personal representative of his estate filed a demand for arbitration of any uninsured motorist benefits due under the policy, and asked that the arbitration be governed by the substantive law of Florida. State Farm then filed a suit for declaratory judgment in which it asked that any claim for uninsured motorist coverage be governed by the substantive law of Illinois. The reason for the difference in choice of laws is that Florida has adopted comparative negligence while Illinois has not.
State Farm filed a motion for summary judgment on the ground that Florida adheres to the doctrine of lex loci delicti. The trial court granted that motion and entered a final summary judgment in which it stated, "The law of the State of Illinois is controlling in determining the liability of the uninsured motorist in any arbitration which may be commenced in this action." The personal representative of Johnnie Olsen's estate has appealed that order.
In the past Florida has adhered to the doctrine of lex loci delicti. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967); Bishop v. Florida Specialty Paint Co., 377 So.2d 767 (Fla. 1st DCA 1979).[1] Under the doctrine of lex loci delicti, a forum state applies the law of the situs of the tort unless that law is contrary to the public policy of the forum state.
In Hoffman v. Jones[2] our Florida Supreme Court abandoned the traditional concept of contributory negligence as a bar to recovery and adopted comparative negligence. That opinion described the discarded doctrine as "unjust and inequitable." Subsequent to the Hoffman decision, the Florida Legislature incorporated the concept of allocation of fault into its Contribution Among Tortfeasors Act. Sec. 768.31(3)(a), Fla. Stat. (Supp. 1976).
We believe that the findings by the Florida Supreme Court in Hoffman and the subsequent recognition and implementation of that decision by the Florida Legislature clearly imply that the concept of contributory negligence as a bar to recovery is contrary to the public policy of this state. (As such, that concept should not be applied by the courts of this state under the doctrine of lex loci delicti.)
We, therefore, reverse the final summary judgment.
We deem this to be a matter of great public importance and therefore certify this case with the following question to the Florida Supreme Court:
In a personal injury suit filed in Florida for a tort alleged to have occurred outside of Florida, can the contributory negligence defense bar recovery?
REVERSED and REMANDED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, J., concur.
NOTES
[1] The Florida Supreme Court has granted certiorari and heard oral arguments in the Bishop case, but has not rendered a decision as of this time.
[2] 280 So.2d 431 (Fla. 1973).