ORFINGER, Judge.
Plaintiff was injured and his wife was killed when a tractor-trailer rig he was operating and in which his wife was riding as a passenger, left the highway and struck an embankment while travelling through the state of Alabama. Plaintiff, a Florida resident, individually and as personal representative of his wife’s estate, filed this action for damages.
Asserting that the Alabama wrongful death statute did not measure up to the standards of its Florida counterpart and that it was contrary to the public policy of Florida, plaintiff filed a motion asking the trial court to declare that the Florida wrongful death action would apply. The trial court declined to apply the Florida law and held that under the rule of lex loci delicti, the Alabama law would apply, citing Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla.1967). Plaintiff has filed a petition for writ of common law certiorari, alleging that if he is required to rely on Alabama law, the true measure of damages will not be presented to the jury because the Alabama statute is punitive while the Florida statute is remedial and that he will therefore be prejudiced throughout the trial.
*581 The petition for certiorari is denied because there is no showing that a full, adequate and complete remedy would not be available on appeal after final judgment. Vanco Construction, Inc. v. Nucor Corp., 378 So.2d 116 (Fla. 5th DCA 1980). In Simpson v. Broward County, 241 So.2d 193 (Fla. 4th DCA 1970), it was similarly argued that the order of the trial court would deny defendants the opportunity of presenting to the jury the true elements of damages they would suffer in the eminent domain proceeding, but it was held that this was not the basis for the issuance of the writ since a full and complete remedy was available on appeal after final judgment. We cannot entertain petitions based on alleged interlocutory errors where a full remedy is available on appeal from a final judgment because “. . . one can hardly envision a case wherein the loser on an interlocutory motion would not feel an immediate appellate determination of the issue would facilitate the handling of the remainder of the case, and save time, effort and expense.” Siegel v. Abramowitz, 309 So.2d 234, 235 (Fla. 4th DCA 1975). Sometime before trial, plaintiff may be able to persuade the trial judge to his point of view, or at trial, plaintiff may not prevail on liability. In either such event, the question now before us would be moot. Our sister court recently followed the lex loci delicti rule as espoused in Hopkins, supra, on appeal from a final judgment, and has certified to the Supreme Court the question of its continued applicability in certain situations. Bishop v. Florida Specialty Paint Co., 377 So.2d 767 (Fla. 1st DCA 1979). This court has also certified an analogous question to the Supreme Court. Olsen v. State Farm Automobile Insurance Co., etc., 386 So.2d 600 (Fla. 5th DCA 1980). Perhaps those questions will be answered prior to the conclusion of the proceedings below.
This denial is without prejudice to the right of either party to present this question on appeal following final judgment.
Petition DENIED.
COBB and SHARP, JJ., concur.