397 So.2d 1209 (1981)
Charles Kenneth STEELE, As Personal Representative of the Estate of Kevin Kenneth Steele, Appellant,
v.
SOUTHERN TRUCK BODY CORPORATION, Avis Rent-a-Car System, Inc., D/B/a Avis Truck Rental and/or D/B/a Avis Leasing Corporation, First State Insurance Company, American Foreign Insurance Company, Liberty Mutual Insurance Company, and Columbia Casualty Insurance Company, Appellees.
No. 80-633.
District Court of Appeal of Florida, Second District.
May 8, 1981.
*1210 Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck & Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Simons & Schlesinger, Fort Lauderdale, for appellant.
James A. Edwards of Rumberger, Kirk, Caldwell & Cabaniss, Orlando, for appellees Southern Body Corporation and American & Foreign Insurance Co.
David J. Kadyk and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees Avis Rent-A-Car and Liberty Mutual Insurance Co.
BOARDMAN, Judge.
Charles Kenneth Steele, plaintiff below, appeals a final summary judgment entered in favor of appellees/defendants Southern Truck Body Corporation and Avis Rent-A-Car System, Inc., and their insurers following the trial court's ruling that Florida law, rather than the law of West Virginia, the state where the accident involved here occurred, was the applicable law on the issue of damages. We disagree with this ruling and therefore reverse.
Appellant brought this action for the wrongful death of his eighteen-year-old son Kevin, which occurred when the refrigerated van portion of a refrigerated van truck separated from the truck bed, slicing off the top of Kevin's automobile and killing Kevin instantly. Kevin was a resident of Huntington, West Virginia, and the accident occurred there on November 15, 1976. Kevin had no dependents at the time of his death. Prior to filing the instant lawsuit, appellant had sued for wrongful death in West Virginia, joining as defendants the driver of the van, its owner (both of Kentucky), and Southern, a Florida corporation, which had designed and manufactured the van body. Southern had been dismissed as a party defendant due to insufficient minimum contacts with West Virginia under the law of that state; the claims against the owner and driver had subsequently been settled for $40,000.
Following the filing of the instant complaint, appellee/defendant Avis raised the issue of which state's Wrongful Death Act would apply, Florida's  which at the time of Kevin's death allowed only recovery of funeral expenses, or West Virginia's  which also allowed recovery to Kevin's estate for the loss of net accumulations and to Kevin's parents for the loss of Kevin's society and services and for their pain and anguish due to Kevin's death. After hearing, the trial court ruled that Florida law applied, and subsequently entered final summary judgment in favor of appellees on the basis of appellant's statement that, as a result of this ruling, there were no damages that could be proved under Florida law. This appeal followed and is concerned solely with the choice of law issue.
At the time of Kevin's death, the time of the trial court's ruling, and the time of the entry of summary final judgment, Florida law followed the lex loci delicti doctrine and required application of West Virginia law to the instant case. Hopkins v. Lockheed Aircraft Corp., 201 So.2d 743 (Fla. 1967); Olsen v. State Farm Automobile Insurance Co., 386 So.2d 600 (Fla. 5th DCA 1980).
Subsequently, in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), the Florida Supreme Court rejected strict application of the lex loci delicti doctrine in favor of the "significant relationships test" set forth in the Restatement (Second), Conflict of Laws, §§ 145-146 (1971). However, the "significant relationships test" also requires application of West Virginia law to the instant case.
Kevin was a resident of West Virginia at the time of his death. His estate had been opened in West Virginia with a West Virginia resident as personal representative. Kevin's parents, his beneficiaries under the West Virginia Wrongful Death Act, are West Virginia residents. The accident occurred in West Virginia and was investigated in West Virginia by West Virginia authorities, and all of the witnesses to the accident reside in West Virginia. Avis is a Delaware corporation with its principal place of business in New York; its only *1211 contact with Florida in this litigation is that it purchased the defective van in Florida and later resold it. The only significant relationship this case has with Florida is that Southern is a Florida corporation with its principal place of business in Tampa, and its van was allegedly negligently and defectively designed, manufactured, and sold into the stream of national commerce in Florida.
The "significant relationships test" reads as follows:
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
Our supreme court explained this test as follows:
The conflicts theory set out in the Restatement does not reject the "place of injury" rule completely. The state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law. Indeed, the rationale for a strict lex loci delicti rule is also reflected in the same Restatement's section 6, where "certainty, predictability and uniformity of result," and "ease in the determination and application of the law to be applied" are cited as major factors in determining the proper choice of law. In contrast to the inflexible place of injury rule, however, the Restatement rule recognizes that the state where the injury occurred may have little actual significance for the cause of action. Other factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process. (Emphasis supplied, footnote omitted.)
Bishop, supra, at 1001.
The relevant provisions of the Restatement which elaborated on the "significant relationships test" are §§ 146 and 175. Section 146 provides:
In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
The language of § 175 is identical except that it applies to wrongful death actions.
In the instant case, the decedent was a resident of West Virginia, and his death occurred in West Virginia. The only relationship Florida has to the litigation is that the conduct of appellees which allegedly caused his death occurred in Florida. Comment f to § 175 makes it clear that West Virginia law is to be applied in such a situation. Comment f states in pertinent part:
f. When conduct and injury occur in different states. On occasion, conduct and injury will occur in different states. In such instances, the local law of the state of injury will usually be applied to determine most issues involving the tort (see § 145, Comments d-e and §§ 156-166 and 172).
The local law of the state where the injury occurred is most likely to be applied when the decedent had a settled relationship to that state, either because he was domiciled or resided there or because *1212 he did business there. When, however, the decedent was domiciled or resided or did business in the state where the conduct occurred, this state is more likely to be the state of most significant relationship and therefore the state of the applicable law with respect to issues that would usually be determined by the local law of the state of injury. The same may be true when the injury occurred in the course of an activity or of a relationship which was centered in the state where the conduct occurred and when the decedent had no settled relationship to the state where the injury occurred.
The state where the conduct occurred is even more likely to be the state of most significant relationship when these two elements are combined, that is to say, when, in addition to the decedent's having been domiciled or having resided or having done business in the state, the injury occurred in the course of an activity or of a relationship which was centered there.
Other decisions rendered under the "significant relationships test" of the Restatement involving facts similar to those in the instant case conclude that the law of the state in which the death or injury occurred governs this type of case. Suchomajcz v. Hummel Chemical Co., 524 F.2d 19 (3d Cir.1975); Masera v. Trans World Airlines, Inc., 492 F. Supp. 950 (S.D.N.Y. 1980).
We conclude that the significant relationships test compels the application of West Virginia law to this case. Accordingly, the order of final summary judgment is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, JJ., concur.