474 So.2d 1280 (1985)
Frank H. PLOOR and Marjorie A. Ploor, His Wife and Frank J. Eisele and Rita C. Eisele, His Wife, Appellants,
v.
GREYHOUND LINES, INC., Appellee.
No. 83-2639.
District Court of Appeal of Florida, Third District.
September 10, 1985.
Horton, Perse & Ginsberg and Arnold Ginsberg; Carroll, Halbert & Meyerson, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
We agree with the trial court that California law governs the extent of the vicarious liability of the defendant-appellee Greyhound Lines, Inc., the owner of a bus leased to The Gray Line, Inc. in which the plaintiffs, Florida residents, were injured while on a tour of the Napa Valley in that state. Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980); State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981); Steele v. Southern Truck Body Corp., 397 So.2d 1209 (Fla. 2d DCA 1981); Restatement (Second) of Conflict of Laws §§ 6, 145, 174 (1971).
Contrary to the determination below, however, we conclude, applying that law, that the lease agreement in question, even though it contains an option to purchase the vehicle for its market value at any time, is not in legal contemplation a conditional sale agreement under California Vehicle Code section 17156 (West 1971) (seller of vehicle under conditional sales agreement not owner); cf. Cal.Civil Code § 2981(a)(2) (West Supp. 1985) (option to purchase at termination of lease where total rental payments are substantially equivalent to value of property renders lease conditional sale). Greyhound, as the owner of the bus, is therefore liable as a matter of law for its negligent operation under and within the monetary limits of California Vehicle Code sections 17150-17151 (West 1971) (owner absolutely liable to limits of $15,000 per injury, $30,000 per accident). For this reason, the judgment under review is reversed for further proceedings consistent herewith.
Affirmed in part, reversed in part.