578 So.2d 489 (1991)
AVIS RENT-A-CAR SYSTEMS, INC., Appellant,
v.
Masil BLYTHE, Etc., et al., Appellees.
No. 90-2593.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
*490 A. Craig Cameron of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellant Avis Rent-A-Car Systems, Inc.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellee Masil Blythe.
David C. Beers of Beers, Jack & Tudhope, P.A., Orlando, for appellee Michael A. Tesinsky.
GRIFFIN, Judge.
This matter is before the court on the motion of appellee, Michael A. Tesinsky, to dismiss this appeal of a non-final order.
The lawsuit pending below is a wrongful death case arising out of an automobile accident that occurred in Indiana. Appellee Tesinsky, a Florida resident, made a reservation in Florida to rent a car from appellant, Avis Rent-A-Car Systems, Inc., to use while in Indianapolis. The rental was consummated in Indiana. Thereafter, while driving the rental car, Tesinsky was involved in a collision with a vehicle operated by Indiana residents, which fatally injured his passenger, Mackie Blythe. Blythe was also a Florida resident and the personal representative of his estate filed suit in Seminole County, Florida, against Tesinsky and Avis. Avis contended that it had no liability as the owner of the rental vehicle because Indiana law has no equivalent to Florida's Dangerous Instrumentality Doctrine. Avis filed several motions in support of this position, all of which were denied in an order of the trial court dated November 20, 1990.[1]
Avis then filed a "Notice of Appeal of Non-Final Order" invoking the jurisdiction of this court under Florida Rule of Appellate Procedure 9.130(a)(3)(A) and 9.030(b)(2). In its initial brief, Avis based jurisdiction on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) and 9.030(b)(2). In response to Tesinsky's motion to dismiss, however, appellant appears (correctly) to acknowledge that the issue it seeks to have this court review is not an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(A). Instead, Avis advises the court that it, in fact, seeks a writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A) on the ground that the order at issue constitutes a departure from the essential requirements of law resulting in a miscarriage of justice which cannot be remedied on appeal from final judgment.
Avis argues that the second prong of the test for invoking the certiorari jurisdiction of the court is met because, as the result of the lower court's refusal to apply Indiana law, Avis will be forced to make a "countless number of irreversible business decisions ... concerning pending and future vicarious liability claims, totally throwing to the wayside any certainty, predictability and uniformity of result upon which Avis previously justifiably relied." We cannot agree that business decisions Avis may or may not see fit to make, in light of the interlocutory order in this case, constitutes the type of harm irremediable on appeal that is sufficient to invoke the certiorari jurisdiction of a district court of appeal.
We express no opinion as to whether the order of the lower court that Avis seeks to have this court review represents a departure from the essential requirements of the law. Even if it does, as we said in Stevens v. Pullman, Inc., 388 So.2d 580, 581 (Fla. 5th DCA 1980), at some time before trial Avis may be able to persuade the trial *491 judge to its point of view or, at trial, the plaintiff may not establish negligence on the part of Tesinsky giving rise to liability on the part of Avis.
Accordingly, this appeal is dismissed.[2]
DISMISSED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The motions denied in the order appealed were: (1) Motion to Apply Law of the State of Indiana; (2) Motion to Dismiss for Failure to State a Cause of Action; (3) Motion to Dismiss for Improper Venue; and (4) Motion to Dismiss Based Upon the Doctrine of Forum Non-Conveniens.
[2] In light of the dismissal, appellee's motion to strike and appellant's motion to amend initial brief are moot.