711 So.2d 1347 (1998)
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Petitioner,
v.
Kim WHEELER, Respondent.
No. 98-357.
District Court of Appeal of Florida, Fifth District.
June 12, 1998.
*1348 Ralph B. Leemis of Neilson and Tosko, Orlando, for Petitioner.
Carlos R. Diez-Arguelles of Martinez, Manglardi & Diez-Arguelles, P.A., Orlando, for Respondent.
COBB, Judge.
American Bankers Insurance Company petitions for certiorari review of a trial court order overruling its objections to several categories of discovery information sought by the plaintiff below, Kim Wheeler, which information purportedly related to Wheeler's bad faith action. Coverage in regard to Wheeler's claims against American is in dispute.
In State Farm Fire and Casualty Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996), this court held that when an action for insurance benefits where coverage is in dispute is combined with a bad faith action, discovery of the insurer's claim file is not permissible until the insurer's obligation to provide coverage has been established. See also Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991) (insured's underlying first party action for uninsured motorist benefits must be resolved favorably to insured before cause of action for bad faith can accrue); Allstate Insurance Co. v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987) (where issue of coverage is combined in suit with issue of bad faith, insured cannot compel disclosure of insurer's work product and privileged matters in its claim file until right of coverage is established).
Wheeler has obtained a determination of coverage on an earlier insurance claim made against American arising from the same incident, but she is now seeking an additional amount in benefits in the instant lawsuit. In its answer to the complaint, American has denied that this additional sum is covered under its policy, thus the issue of coverage is still partially pending. We therefore hold that the trial court departed from the essential requirements of law pursuant to Martin in compelling disclosure of the privileged claim file until the remaining coverage issue is resolved. For the same reason, compelling disclosure of claims handling manuals and materials and the claims adjuster's personnel file is a departure from the essential requirements of law.
Given our determination that the trial court has prematurely ordered production of the documents at issue, we decline to decide at this time whether said documents are insulated from such discovery by work product immunity, the attorney-client privilege or on privacy grounds. See, e.g., Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla.1989).
Accordingly, we grant the petition for certiorari review and order that the trial court's order be, and the same hereby is, quashed.
ORDER QUASHED.
THOMPSON and ANTOON, JJ., concur.