PER CURIAM.
State Farm Mutual Automobile Insurance Company seeks certiorari review of two orders of the trial court, one denying a stay of bad faith claims against it, and the other denying its motion for a protective order. We have jurisdiction. See Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368 (Fla. 2d DCA 1991); approved, 607 So.2d 418 (Fla.1992). We quash the order denying the stay of the bad faith *568 claims, and quash, in part, the order denying the motion for a protective order.
State Farm insured Michelle and Teddy Cook, and also insured Lisa Jones, an individual who was involved in a ear accident with Michelle Cook. The Cooks executed a release of Jones and State Farm. Subsequent to execution of the release, the Cooks sued State Farm and two alleged tortfeasors, including Jones, for damages resulting from two automobile accidents. The Cooks seek to rescind the release in that action. The Cooks also allege breach of contract and bad faith claims against State Farm.
State Farm filed a motion to stay the bad faith claims until the other claims are resolved, and sought a protective order to avoid production of a number of documents relevant to the bad faith claims, including its claims files, litigation files, and internal operating manuals. The trial court denied both motions.
The trial court erred in denying the motion for stay. These claims against State Farm, both as Jones’ insurer and as the Cooks’ insurer, do not accrue until the other claims are decided. The supreme court noted in Cunningham v. Standard Guaranty Insurance Co., 630 So.2d 179, 181 (Fla.1994), that ordinarily a third-party is required to prevail against the insured before litigating a bad faith claim against the insurer. Similarly, in Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991), the court ruled that an insured’s first-party action for benefits against the insurer must be resolved before a cause of action for bad faith against the insurer accrues. Id. at 1291.
Because the bad faith claims must be stayed, the trial court’s order denying a protective order is quashed insofar as it addresses materials relating to the bad faith claims. State Farm’s claims and litigation files are not subject to discovery until the bad faith claims are ripe. See State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518, 519 (Fla. 5th DCA 1996); Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d at 1370. Its internal manuals are also protected from discovery until and unless the bad faith claims are prosecuted. See State Farm Fire & Cas. Co. v. Valido, 662 So.2d 1012, 1013 (Fla. 3d DCA 1995).
Certiorari is granted; the order of the trial court denying the stay is quashed; the order denying the protective order is quashed in part; this case is remanded to the trial court for further proceedings in accordance with this opinion.
THREADGILL, A.C.J., and FULMER and DAVIS, JJ., Concur.