932 So.2d 310 (2006)
FEDERATED NATIONAL INSURANCE COMPANY, Petitioner,
v.
Frank COPELAND and Marilyn Copeland, Respondents.
No. 2D05-3132.
District Court of Appeal of Florida, Second District.
January 20, 2006.
Janice A. Kelly of Boehm, Brown, Fischer, Harwood, Kelly & Scheihing, P.A., Orlando, for Petitioner.
Theodore A. Corless of Corless and Associates, PLC, Tampa, for Respondents.
VILLANTI, Judge.
Federated National Insurance Company petitions for a writ of certiorari, asking this court to quash the trial court's order denying its motion to dismiss count II of Frank and Marilyn Copeland's claim against Federated for violation of section 627.707, Florida Statutes (2004).[1] Federated *311 has failed to show that it will suffer material injury that cannot be adequately remedied on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099-1100 (Fla.1987) (stating that motions to dismiss and motions to strike claims should not be reviewed by certiorari); Progressive Consumers Ins. Co. v. Day, 869 So.2d 621, 622 (Fla. 1st DCA 2004) (denying certiorari review of a trial court's denial of petitioner's motion to dismiss a bad faith claim).
We, therefore, dismiss the petition without prejudice to Federated to seek a writ of certiorari in this court if the trial court compels discovery of privileged or protected documents. See McGarrah v. Bayfront Med. Ctr., Inc., 889 So.2d 923, 925 (Fla. 2d DCA 2004) ("Orders granting discovery... are amenable to certiorari review because appeal after a final judgment in a case where discovery was improperly granted seldom provides adequate redress.").
Petition for writ of certiorari is dismissed without prejudice.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Section 627.707 sets forth specific minimum standards for investigating sinkhole claims.