927 So.2d 122 (2006)
GEICO GENERAL INSURANCE COMPANY, Petitioner,
v.
Lorraine HOY, Respondent.
No. 2D05-4709.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*123 Frank A. Zacherl, John T. Kolinski, and Kai E. Jacobs of Shutts & Bowen, LLP, Miami, for Petitioner.
Mark C. Menser of Viles & Beckman, P.A., Fort Myers, for Respondent.
WALLACE, Judge.
GEICO General Insurance Company petitions for a writ of certiorari to review a nonfinal order that requires it to produce its claim file to its insured, Lorraine Hoy. Because Ms. Hoy's pending action against GEICO includes a claim for coverage under the uninsured/underinsured motorist (UM) policy provided by GEICO, we grant GEICO's petition and quash the discovery order.

FACTS AND PROCEDURAL HISTORY
On May 19, 2000, Ms. Hoy was involved in an accident with an uninsured motorist in Lee County. Ms. Hoy apparently was hospitalized as a result of the accident. She incurred a bill for hospital services from Lee Memorial Hospital for an amount exceeding $31,000. When the accident occurred, GEICO was Ms. Hoy's UM carrier. On June 4, 2000, GEICO issued a check for $10,000  the amount that GEICO contends is the maximum UM benefit payable under the policy. Because the hospital had a statutory lien for the monies due it for the services it had provided to Ms. Hoy, GEICO made its check payable to the order of Lee Memorial Hospital as well as to Ms. Hoy and her husband. This check was never cashed.
Afterwards, the hospital agreed to accept $5000 in full satisfaction of its lien. Ms. Hoy signed a release in favor of GEICO in which she acknowledged receipt of $10,000, released GEICO from further liability under the policy for the May 19 accident, and agreed to pay GEICO any recovery that she might obtain in an action arising from the accident up to the amount of GEICO's $10,000 payment. On July 10, 2000, GEICO reissued the $10,000 payment in the form of two checks: one for $5000 payable to Mrs. Hoy and her husband, and one for $5000 payable to Lee Memorial Hospital. Unlike the first check, these checks apparently were negotiated.
In November 2001, Ms. Hoy filed an action against the uninsured motorist for damages arising out of the May 19 accident. The uninsured motorist defaulted, and in August 2003, Ms. Hoy obtained a partial summary judgment against him on the issue of liability.
In May 2004, while the action against the uninsured motorist was still pending, Ms. Hoy sued GEICO for breach of the insurance contract (Count I), for negligent legal representation (Count II), for fraudulent misrepresentation in connection with GEICO's negotiations with the hospital (Count III), and for fraudulently inducing her to sign the release (Count IV). Ms. Hoy's complaint did not include a statutory bad faith claim. In connection with the claim for negligent legal representation, Ms. Hoy contended that GEICO had undertaken to provide her with legal representation by giving her legal advice about *124 her rights, advising her to enter into agreements pertaining to coverage for the accident and limiting her rights to recovery, and negotiating on her behalf with the hospital.[1] Ms. Hoy's complaint sought damages against GEICO in an amount exceeding $15,000 and also asked the circuit court to invalidate the release.[2] GEICO answered the complaint and asserted various affirmative defenses, including payment and the release executed by Ms. Hoy.
In connection with the action against GEICO, Ms. Hoy requested GEICO to produce numerous documents, including "[t]he entire claim file of [GEICO] concerning the incident alleged herein, excluding only correspondence and memoranda between [GEICO] and their [sic] counsel." GEICO objected to the production of its claim file on the grounds that the documents requested were irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and privileged as attorney work product. After a hearing, the circuit court overruled GEICO's objection and entered an order requiring it to produce the claim file to Ms. Hoy's counsel, excepting only items subject to the attorney-client privilege. In the order, the circuit court offered this rationale for compelling production of the claim file:
The claim . . . is over and done with. [Ms. Hoy] wants to examine how the claim was resolved in [her] cause of action. The claim file is not work product. There is no ongoing claim by [Ms. Hoy] vs. the tortfeasor. This suit is between an insured and insurer.
Following the entry of the order for production, GEICO filed its petition for certiorari review.

DISCUSSION

A. The Legal Background
Generally speaking, "the contents of an insurer's accident investigation file constitute[ ] work product." W. Am. Ins. Co. v. Neva Prods., Inc., 490 So.2d 117, 118 (Fla. 2d DCA 1986). A court cannot compel disclosure of the file in a "first party claim for coverage under the policy." U.S. Fire Ins. Co. v. Clearwater Oaks Bank, 421 So.2d 783, 784 (Fla. 2d DCA 1982). "`The analysis differs however when an insurance company is sued for bad faith.'" Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1123 (Fla.2005) (quoting Allstate Indem. Co. v. Ruiz, 780 So.2d 239, 240 (Fla. 4th DCA 2001), with approval). In a bad faith suit, "the plaintiff may obtain discovery of the original claim file." Clearwater Oaks Bank, 421 So.2d at 784.

B. The Parties' Arguments
Against this legal background, GEICO begins its argument by asserting that the circuit court went astray when it concluded that "[t]he claim . . . is over and done with." GEICO stresses that Ms. Hoy's claim for breach of contract is a claim for coverage under the policy. Therefore, the claim is not "over and done with," and disclosure of its claim file is premature at best. In addition, GEICO observes that the circuit court has not yet determined or awarded damages in Ms. Hoy's separate action against the uninsured motorist. GEICO surmises that Ms. Hoy is attempting *125 to obtain a judgment against the uninsured motorist and to collect this judgment against GEICO if she is successful in setting aside the release. According to GEICO, the pendency of Ms. Hoy's action against the uninsured motorist underscores the prejudice it will suffer if it is required to produce its claim file before its liability to Ms. Hoy under the insurance contract has been finally determined.
In response, Ms. Hoy argues that her suit against GEICO is not an action for coverage or a bad faith suit, but rather an action for negligent legal representation. She claims that as GEICO's client, she has a right to her own files.

C. Analysis
The arguments of the parties demonstrate that the proper characterization of Ms. Hoy's claims is critical to the analysis in this case. After a thorough review of the record, we agree with GEICO's assessment of the claims Ms. Hoy is asserting against it in the circuit court. Ms. Hoy's argument that she is not making a claim against GEICO for coverage under the policy will not withstand examination. In Count I of her complaint, Ms. Hoy alleges:
4. Defendant issued and delivered to Plaintiff an insurance policy protecting Plaintiff against losses and damages resulting from the negligence of uninsured/underinsured motorists. . . .
. . . .
8. Plaintiff is entitled to uninsured/underinsured motorist coverage through Defendant's policy issued to Plaintiff.
9. Hoy made a demand for full uninsured/underinsured motorist benefits.
10. Defendant did not pay to Plaintiff the full amount of the uninsured/underinsured motorist benefits.
. . . .
12. Under Defendant's insurance policy, the Plaintiff is entitled to recover against Defendant for her injuries, damages and losses set forth above, which were caused by the negligence of [the motorist].
13. Plaintiff has notified the Defendant of the uninsured/underinsured motorist claims, and has otherwise performed all conditions precedent to entitle her to recover under the policy.
WHEREFORE the Plaintiff, LORRAINE HOY[,] demands judgment against Defendant, GEICO GENERAL INSURANCE COMPANY, for damages plus costs of this action, pre-judgment interest, and demands a trial by jury of all issues triable by jury.
Count I cannot be read as anything other than a claim for coverage under the policy. Thus it does not matter how Ms. Hoy characterizes Counts II, III, and IV. Even the circuit court agreed with GEICO's assessment. In its order compelling GEICO to produce its claim file, the circuit court said: "[Count] I sues for underinsured/uninsured coverage."
When a litigant files claims for both coverage and bad faith in the same action, the insurer's claim file is not discoverable until the issue of coverage has been resolved. Ruiz, 899 So.2d at 1130; Allstate Ins. Co. v. Baughman, 741 So.2d 624, 626 (Fla. 2d DCA 1999). The Fifth District has applied the policy of resolving a coverage issue before the bad faith claim to an instance where the coverage claim was coupled with a "claim for unfair settlement practices." Hartford Ins. Co. v. Mainstream Constr. Group, 864 So.2d 1270, 1272 (Fla. 5th DCA 2004). In Mainstream, the Fifth District reasoned that if the insurer has no responsibility under the policy, "the insured would suffer no damages *126 resulting from its insurer's unfair settlement practices." Id.
Ms. Hoy contends that because GEICO has already paid the $10,000 in available coverage, it cannot now claim that the question of coverage remains unresolved. However, when a claimant who has obtained a determination of coverage seeks an additional benefit amount in conjunction with a bad faith suit against the insurer, "discovery of the insurer's claim file is not permissible." Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998). In Wheeler, the claimant "obtained a determination of coverage" and then sought additional benefits based on the same incident. Id. The trial court issued an order compelling production of the insurer's claim file. Id. The Fifth District held that the trial court had departed from the essential requirements of the law by compelling the disclosure. Id. The Wheeler court explained that because the insurer denied that additional benefits were due, "the issue of coverage [was] still partially pending." Id.
Similarly, when a claimant seeks to rescind a release given to the insurer and alleges breach of contract and bad faith, the issue of coverage is not settled. See State Farm Mut. Auto. Ins. Co. v. Cook, 744 So.2d 567, 568 (Fla. 2d DCA 1999). In Cook, the claimant gave a release to the insurer and to the driver of another vehicle. Id. Afterwards, the claimant filed an action against the insurer and two alleged tortfeasors, including the driver, for damages resulting from two automobile accidents. Id. In the action, the insured sought to rescind the release and also alleged breach of contract and bad faith claims against the insurer. Id. The insurer filed a motion to stay the bad faith claims pending resolution of the other claims. Id. In addition, the insurer requested an order protecting it from being required to produce various documents relevant to the bad faith claims, including its claim files and litigation files. Id. The trial court denied the motion to stay and the motion for a protective order. Id. at 567. On petition for review by certiorari, this court quashed the order denying the stay and also quashed the order denying the protective order to the extent that it required production of materials relating to the bad faith claims. Id. at 567-68. We explained our decision by stating that the claim and litigation files were not "subject to discovery until the bad faith claims are ripe." Id. at 568.

CONCLUSION
Because Ms. Hoy is pursuing a claim for coverage under the policy and seeking to void the release she previously signed, the circuit court departed from the essential requirements of the law by ordering GEICO to produce its claim file for inspection by Ms. Hoy's counsel. We have previously held that requiring the disclosure of an insurer's claim file during the litigation of coverage issues would result "in irreparable harm that cannot be adequately addressed on a plenary appeal." Baughman, 741 So.2d at 625. Accordingly, we grant the petition, and we quash the circuit court's order requiring GEICO to produce its claim file.
Petition granted; order quashed.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] One of the decisions that Ms. Hoy relies on in support of this claim is Jones v. Allstate Ins. Co., 146 Wash.2d 291, 45 P.3d 1068 (2002). We express no opinion on the merits of this or any other of Ms. Hoy's claims.
[2] After Ms. Hoy filed her action against GEICO, it apparently learned of the pending lawsuit Ms. Hoy had filed against the uninsured motorist. GEICO moved to intervene in that action, and the circuit court granted its motion.