975 So.2d 633 (2008)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Glenda F. O'HEARN, Respondent.
No. 2D07-4184.
District Court of Appeal of Florida, Second District.
March 7, 2008.
*634 Lewis F. Collins, Jr., and Anthony J. Russo of Butler Pappas Weihmuller Katz Craig LLP, Tampa, for Petitioner.
Jason Mulholland of Mulholland Law, P.A., Tampa, Respondent.
VILLANTI, Judge.
In this certiorari proceeding, State Farm seeks relief regarding two trial court orders entered in a statutory bad faith action: (1) the order denying its motion to dismiss O'Hearn's complaint as premature and (2) the order compelling it to produce certain allegedly privileged documents. While the trial court departed from the essential requirements of the law in denying State Farm's motion to dismiss, State Farm cannot show irreparable harm arising from the order denying dismissal. Therefore, we dismiss the petition to the extent it is directed to that order. However, because the trial court departed from the essential requirements of the law when it overruled State Farm's objections to O'Hearn's discovery request and because production of the requested documents will result in irreparable harm, we grant the petition to the extent it is directed to this discovery order and quash the trial court's order requiring production of these documents at this time.
According to the limited record before this court, O'Hearn was involved in a hit-and-run auto accident on August 13, 2002, which allegedly resulted in her suffering injuries. O'Hearn subsequently filed a claim for uninsured motorist ("UM") benefits under her auto policy with State Farm. At some point, State Farm offered O'Hearn $5000 to settle her UM claim. Apparently, O'Hearn rejected this settlement offer.
O'Hearn then filed a one-count complaint against State Farm asserting a claim for statutory bad faith under section 624.155, Florida Statutes (2002). In the complaint, O'Hearn alleged that State Farm had determined that the value of her claim was $5000; however, O'Hearn also alleged that had State Farm properly investigated her claim, "it would have determined that its value far exceeded $5,000.00." In conjunction with the complaint, O'Hearn served a request for production of documents, requesting that State Farm produce numerous documents, including the contents of its claim and underwriting files.
*635 State Farm moved to dismiss O'Hearn's complaint, arguing that her bad faith claim was premature because the issues of liability and damages had not yet been determined. At a hearing on State Farm's motion, State Farm cited long-standing Florida authority holding that a first-party bad faith action against an insurer is premature until the issues of liability and damages have been finally determined. See, e.g., Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991). In response, O'Hearn contended that her claim was not premature because State Farm had admitted liability by making a presuit settlement offer and had determined the issue of damages by offering her $5000. O'Hearn cited no Florida case law for the proposition that the amount of an insurer's presuit settlement offer constitutes a final determination of damages. Despite this, the trial court denied State Farm's motion to dismiss. State Farm filed a timely petition for writ of certiorari directed to this order.
After its motion to dismiss was denied, State Farm filed objections to O'Hearn's request for production of documents, arguing that the documents she requested were not discoverable until the issues of liability and damages had been finally determined. After a hearing, the trial court sustained State Farm's objections to certain of the requests, but it overruled State Farm's objections to producing its claim file and underwriting file, and it ordered State Farm to produce these documents. State Farm then filed an amended petition for writ of certiorari that sought review of this discovery order as well as the dismissal order.
The contours of this court's review of a petition for writ of certiorari are well defined. To obtain a common-law writ of certiorari, the petitioner must establish that (1) the trial court departed from the essential requirements of the law, (2) the departure resulted in a material injury that will affect the remainder of the proceedings below, and (3) the injury cannot be corrected through any other means. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). The first element is directed to the merits of the petition, while the second and third elements constitute a jurisdictional test. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995). Thus, if the petitioner does not establish that the alleged injury cannot be corrected through a later appeal and thus is irreparable, certiorari jurisdiction will not lie and the petition must be dismissed. Id.
As to the order denying State Farm's motion to dismiss, we agree with State Farm that the trial court departed from the essential requirements of the law. There is an abundance of case law that holds that a first-party bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim. See, e.g., Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000); Imhof v. Nationwide Mut. Ins. Co., 643 So.2d 617, 619 (Fla.1994), receded from on other grounds, State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 63 (Fla.1995); Blanchard, 575 So.2d at 1291. An allegation that an insurer has paid a portion, but not all, of the damages that it allegedly owes does not constitute a legally sufficient allegation that the amount of damages has been finally determined. GEICO Gen. Ins. Co. v. Hoy, 927 So.2d 122, 126 (Fla. 2d DCA 2006); Vanguard Fire & Cas. Co. v. Golmon, 955 So.2d 591, 594 (Fla. 1st DCA 2006). When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability *636 and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated. Vest, 753 So.2d at 1276; Golmon, 955 So.2d at 595.
In this case, O'Hearn's complaint alleges that State Farm offered to settle her UM claim for $5000. The complaint also alleges that O'Hearn's damages far exceed this amount. Thus, on its face, O'Hearn's complaint fails to allege that there has been a final determination of damages and instead affirmatively alleges that damages are still in dispute. O'Hearn's contention that State Farm's presuit settlement offer constitutes a legally sufficient determination of damages is contradicted by the reasoning underlying this court's decision in Hoy. If, as Hoy explains, partial payment of the damages sought by the plaintiff does not constitute a final determination of damages, certainly the unaccepted presuit settlement offer made by State Farm to O'Hearn cannot constitute such a determination. Accordingly, because O'Hearn's complaint establishes on its face that her bad faith claim has not yet accrued, the trial court departed from the essential requirements of the law when it denied State Farm's motion to dismiss.
That said, however, an appellate court does not generally have certiorari jurisdiction to review an order denying a motion to dismiss even when the cause of action is one for first-party bad faith. See Federated Nat'l Ins. Co. v. Copeland, 932 So.2d 310, 311 (Fla. 2d DCA 2006); Progressive Consumers Ins. Co. v. Day, 869 So.2d 621, 622 (Fla. 1st DCA 2004); Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002); Hartford Accident & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998, 1002 (Fla. 4th DCA 1987) (en banc). These bad faith cases follow the general rule that orders denying motions to dismiss are not properly reviewable by certiorari because the alleged injury can be remedied on direct appeal. See, e.g., Martin-Johnson, Inc., 509 So.2d at 1099-1100; Avis Rent-A-Car Sys., Inc. v. Blythe, 578 So.2d 489 (Fla. 5th DCA 1991). While we recognize that some courts have held that such orders are reviewable by way of certiorari in first-party bad faith actions, see, e.g., Golmon, 955 So.2d at 594-95; Progressive Select Ins. Co. v. Shockley, 951 So.2d 20, 20 (Fla. 4th DCA 2007), we follow this court's reasoning in Copeland that the simple fact that the denial of a motion to dismiss results in a premature claim going forward does not, by itself, establish irreparable harm to the insurer. Therefore, because State Farm cannot establish that it will suffer irreparable harm as a result of the denial of its motion to dismiss, we dismiss the petition to the extent it is directed to that order.
Turning to the discovery order, however, we find that State Farm has established both a departure from the essential requirements of the law and irreparable harm. The Fifth District explained the proper analysis for addressing this type of order in Old Republic National Title Insurance Co. v. HomeAmerican Credit, Inc., 844 So.2d 818, 819-20 (Fla. 5th DCA 2003):
When reviewing the propriety of a discovery order by certiorari, "the applicable standard of review is whether the challenged order is a departure from the essential requirements of the law, which causes material injury throughout the law suit [sic], leaving the petitioner with no other adequate remedy to review the alleged erroneous order." Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161, 162 (Fla. 5th DCA 2002) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983)).

*637 Under the facts and circumstances of this particular case, we find the discovery order departs from the essential requirements of the law. A cause of action for statutory bad faith pursuant to section 624.155(1)(b)1., Florida Statutes (2000), is premature unless there has been a determination of liability and extent of damages owed the insured under the first-party insurance policy. See Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000). Hence, a party is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or practices regarding the handling of claims in an action for insurance benefits combined with a bad faith action until the insurer's obligation to provide coverage has been established. See Liberty Mut. Ins. Co. v. Farm, Inc., 754 So.2d 865 (Fla. 3d DCA 2000) (holding that a discovery order in a bad faith action requiring disclosure of the insurer's business practices was premature without a determination of the coverage issue); American Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347 (Fla. 5th DCA 1998) (holding that in a bad faith action, when the issue of coverage has not been determined, it is a departure from the essential requirements of the law to order disclosure of the insurer's claims file and the insurer's claims handling manuals and materials); State Farm Fire & Cas. Co. v. Martin, 673 So.2d 518 (Fla. 5th DCA 1996); see also Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla. 1991).
Therefore, because Republic's obligation to provide coverage has yet to be determined, the trial court departed from the essential requirements of the law in ordering production of Republic's title claim litigation files and documents relating to its business policies and practices regarding the handling of claims, leaving Republic with no adequate remedy to review the erroneous order.
(Alteration in original.) This court applied the same reasoning in Hoy, in which we granted certiorari and quashed a discovery order that required production of the insurer's claim file in a bad faith action when the extent of the insurer's liability to the insured and the amount of damages owed was still in dispute. Hoy, 927 So.2d at 126; see also Gov't Employees Ins. Co. v. Rodriguez, 960 So.2d 794, 795 (Fla. 3d DCA 2007) (granting certiorari and quashing a trial court's order allowing production of the insurer's claim file when the issues of coverage and damages had not yet been determined); Am. Bankers Ins. Co. of Fla. v. Wheeler, 711 So.2d 1347, 1348 (Fla. 5th DCA 1998) (granting certiorari and quashing an order permitting discovery in a bad faith action where coverage for the underlying claim had been previously determined but the insured's claim for additional benefits meant that damages had not been established and thus discovery related to the insurer's alleged bad faith was premature).
In this case, the trial court ordered State Farm to produce its entire underwriting file on O'Hearn's automobile policy; all notes, minutes, memoranda and other documents relating to O'Hearn's UM claim, including materials from State Farm's attorneys; all adjuster notes, e-mails, statistical and financial data relating to O'Hearn's UM claim; and all documents sent to or received from any other insurer relating to O'Hearn's UM claim. These items, all of which are contained within either State Farm's underwriting file or claim file, are not discoverable until the issues of State Farm's liability for UM coverage and the amount of O'Hearn's damages are finally determined. The fact that O'Hearn has chosen not to bring a breach of contract action to establish State *638 Farm's liability and the extent of her damages is irrelevant to our analysis. Until liability and damages are finally determined under the UM provisions of O'Hearn's policy, O'Hearn is not entitled to the discovery she now seeks, and the trial court departed from the essential requirements of the law when it compelled that discovery. Improper production of these otherwise privileged and protected documents would cause material injury to State Farm that could not be corrected in a later appeal.
Accordingly, we grant State Farm's petition for writ of certiorari to the extent it is directed to the trial court's discovery order, and we quash the order requiring State Farm to produce the requested documents until there is a determination of liability and the extent of damages owed to O'Hearn under her UM policy.
Granted in part and dismissed in part.
STRINGER and CANADY, JJ., Concur.