796 So.2d 1269 (2001)
Lisa HAMILTON, Petitioner,
v.
Arlene RAMOS, Respondent.
No. 4D01-1352.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
John Farina of Boyes & Farina, P.A., West Palm Beach, for petitioner.
*1270 Gary Brookmyer of Brookmyer, Hochman, Probst & Nadeau, P.A., Palm Beach Gardens, for respondent.
POLEN, C.J.
Petitioner, Lisa Hamilton, seeks certiorari review of the trial court's order compelling the disclosure of attorney-client communication and the mental impressions, opinion, and fact work product of petitioner's counsel at deposition. We grant the petition, quash the trial court's order, and remand for an in-camera hearing.
The trial court's order compels the answers to the deposition questions despite the petitioner's work product objections, without explanation. As this court has previously explained in Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999),
Certiorari lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected as work product or attorney-client, as this would present the potential of a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on final appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021 (Fla. 4th DCA 1998).
The Snyder Court further discussed Florida Rule of Civil of Procedure 1.280 which governs discovery, including requests for work product and other documents prepared in anticipation of litigation. Under this rule, such information may be obtained only upon a showing that the party seeking discovery "has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means."
We hold the trial court erred in rejecting the objection outright. Instead, the trial court should have conducted an in-camera hearing to determine whether the deposition questions elicit information protected by work product.
If at the conclusion of the in-camera hearing the trial court determines answers to the questions posed require the disclosure of work product information, then respondent would have the burden of demonstrating in the trial court the elements of need and inability without undue hardship to obtain the substantial equivalent of the information. Fla. R. Civ. P. Rule 1.280(b)(3).
PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER QUASHED; REMANDED FOR FURTHER PROCEEDINGS.
STEVENSON, J., concurs.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
I dissent. This case involves Arlene Ramos's attempt to take a post-judgment deposition of Lisa Hamilton's attorneys on the subject of Ramos's entitlement to section 57.105, Florida Statutes (2000), attorney's fees. Ramos alleges that Hamilton's attorneys filed frivolous affirmative defenses and a counter-petition on claims that were not supported by material facts necessary to establish the claims made. At the deposition of the two attorneys, each was unresponsive, asserting the answers were protected work product. The questions posed regarded: (1) who drafted the complaint and interrogatories; (2) the names of any persons, other than Hamilton, to whom the attorneys spoke regarding the factual assertions made in the *1271 counter-petition (the substance of any communication was not asked to be revealed); and (3) whether any documents were reviewed. Ramos also asked whether the attorney spoke to specific named persons. To all of these questions, both attorneys deposed asserted work product. In fact, the tenor of their answers showed an unnecessary impertinence.
Having reviewed the questions, I conclude that none asked for the assertion of work product in this post-judgment deposition to determine the viability of an award of section 57.105 attorney's fees. See Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 113 (Fla.1970)(A party may be required to respond, by way of discovery, "on behalf of himself, his attorney, agent, or employee and to divulge names and addresses of any person having relevant information as well as to indicate generally the type of information held by the person listed."); Cunningham v. Anchor Hocking Corp., 558 So.2d 93, 100 (Fla. 1st DCA 1990). I would deny the petition.