973 So.2d 668 (2008)
AMERICAN HOME ASSURANCE COMPANY, Petitioner,
v.
John K. VREELAND, Administrator Ad Litem for the Estate of Jose Martinez and Personal Representative of the Estate of Jose Martinez, Deceased; Danny Ferrer d/b/a Ferrer Aviation; Danny Ferrer; Aerolease of America, *669 Inc.; Biometric Science Foundation, LLC; Linda Palas, as Personal Representative of the Estate of Donald Palas; Air America, Inc.; Aerobanc of America; and Skyblue Air, Inc., Respondents.
No. 2D07-3357.
District Court of Appeal of Florida, Second District.
February 13, 2008.
*670 Gregory P. Sreenan of Sreenan & Associates, P.A., Miami, for Petitioner.
Bill Wagner of Wagner, Vaughan, McLaughlin & Brennan, P.A., Tampa, for Respondent John K. Vreeland.
Edward Curtis of Tripp Scott, PA, Fort Lauderdale, for. Respondent Aerolease of America, Inc.
No appearance for remaining Respondents.
SILBERMAN, Judge.
American Home Assurance Company, Intervenor below, filed a declaratory judgment action regarding aircraft insurance coverage against Aerolease of America, Inc., and other parties. American Home seeks certiorari review of the trial court's order allowing Aerolease to take the deposition of American Home's corporate representative and requiring American Home to produce documents at the deposition. Because the trial court's order is overly broad, we grant the petition, quash the order, and remand for further proceedings.
American Home issued an aircraft-insurance policy to Danny Ferrer and Biometric Science Foundation, LLC. The policy provided liability and physical damage coverage for an aircraft that was involved in a crash on January 14, 2005. A breach of warranty endorsement to the policy regarding physical damage coverage lists Aerolease as the lienholder of the aircraft. One of the issues in the litigation is whether Aerolease is the owner or lienholder of the aircraft.
In a Notice of Taking Deposition Duces Tecum dated September 5, 2006, Aerolease sought to take the deposition of American Home's corporate representative on issues relating to the placement of the insurance policy; American Home's denial of coverage in this matter; and "the placement of any and all policies of aircraft insurance wherein Aerolease of America was a named insured, additional insured, omnibus insured or breach of warranty holder." The notice also sought the production of the following documents:
1. All files related to the coverage referenced in aircraft insurance policy coverage summary page attached hereto as Exhibit A.
2. All files related to any aircraft wherein American Home Assurance procured and/or provided and/or was involved with the placement of coverage in any manner for any aircraft wherein Aerolease of America was an insured, an additional insured, an omnibus insured or breach of warranty holder.
On September 28, 2006, the trial court granted American Home's amended motion for a protective order, quashing the Notice of Taking Deposition Duces Tecum and prohibiting the requested discovery.
On March 26, 2007, Aerolease served a motion entitled "Defendant's Motion to Take Deposition Duces Tecum of the Underwriter of the Intervenor American Home Assurance Company." The motion sought
an order allowing the deposition of the AMERICAN HOME ASSURANCE COMPANY underwriter with knowledge of the underwriting of this claim and to produce at that deposition, their entire file relating to the underwriting of this claim through and including the date of the mailing of the policy to Falcon Insurance Company on December 28, 2004.
The limiting date of December 28, 2004, is significant because it is a date before the claim at issue was made and before the airplane crash even occurred.
*671 On June 18, 2007, in the order now before us for review, the trial court granted Aerolease's motion in part and ordered as follows:
American Home Assurance Company shall produce, for deposition, the individual(s) along with the documents identified in Aerolease of America, Inc.'s Notice of Taking Deposition Duces Tecum dated September 5, 2006. Said deposition shall be limited to the issue of whether Aerolease of America, Inc., is an owner or lien holder of the aircraft which is the subject of this lawsuit.
(Emphasis added.) American Home filed its petition for writ of certiorari, requesting that this court quash this order in its entirety.
The Florida Supreme Court has explained that certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceeding in the trial court, effectively leaving no adequate remedy on appeal. Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla. 1999); Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Disclosure of "cat out of the bag material" such as material that constitutes work product, trade secrets, or is otherwise protected by privilege may cause irreparable injury if disclosed. See Langston, 655 So.2d at 94. However, "the discovery of irrelevant materials does not necessarily cause irreparable harm." First Paradee, Ltd. v. Jones, 828 So.2d 483, 485 (Fla. 2d DCA 2002) (citing Langston, 655 So.2d at 94).
Aerolease acknowledges that the June 2007 order grants it more relief than it sought in its motion to take deposition duces tecum. But Aerolease suggests that reading the order and its motion together demonstrates that it is seeking limited discovery. It states that
the discovery is limited by the motion and order to the deposition of the underwriter with corporate knowledge of whether AEROLEASE is an owner or a lien holder and the discovery of the underwriting file, with both the scope of the deposition and the production of documents limited in time to December 28, 2004.

Although Aerolease may be correct that it seeks less discovery than the trial court's order permits, because of the wording of the order we conclude that American Home is entitled to relief. The trial court's order specifically permits the discovery that was sought in Aerolease's September 5, 2006, notice of deposition duces tecum rather than the narrower discovery identified in Aerolease's March 26, 2007, motion. The order does contain a sentence indicating that the deposition would be limited to the issue of whether Aerolease is an owner or lienholder of the aircraft. However, the order does not limit the documents to be produced to those sought in the March 2007 motion, and the order does not limit the discovery to the period of time up to and including December 28, 2004, as requested in the motion.
Further, to the extent that the trial court's order requires production of American Home's claims files while the parties are engaged in a coverage dispute, the order causes irreparable injury by allowing discovery of material protected by the work-product privilege. See Scottsdale Ins. Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So.2d 250, 251 (Fla. 3d DCA 2002); see also GEICO Gen. Ins. Co. v. Hoy, 927 So.2d 122, 125 (Fla. 2d DCA 2006) ("When a litigant files claims for both coverage and bad faith in the same action, the insurer's claim file is not discoverable until the issue of coverage has been resolved."). Deposition *672 testimony by a corporate representative on these privileged matters is likewise prohibited. See Scottsdale, 813 So.2d at 251. Thus, the trial court departed from the essential requirements of the law in allowing the discovery sought by Aerolease in its September 2006 notice, discovery that the trial court had previously disallowed, without the limitations discussed above. Accordingly, we grant the petition and quash the order of June 18, 2007. On remand, the trial court may enter an order permitting the deposition but limited, as Aerolease suggests, to the deposition of the underwriter with the corporate knowledge of whether Aerolease is an owner or a lien holder and without reference to the September 2006 notice of taking deposition duces tecum.
Regarding production of the underwriting file, Aerolease again contends that it simply seeks discovery relating to whether Aerolease is an owner or lienholder of the aircraft. On remand, the trial court may allow discovery of the underwriting file limited to documents that pertain to that issue. Also, as Aerolease recognizes, the scope of the deposition and the production of documents shall be limited in time up to and including December 28, 2004.
Finally, American Home argues that if limited discovery is permitted, its corporate representative may be still be put in the position of answering questions at a deposition that would disclose information that is protected by the attorney-client privilege. American Home expresses concern that such information would include legal theories of whether Aerolease was an owner or lienholder of the aircraft.
The Florida Rules of Civil Procedure address American Home's concern. If questions are asked during a "deposition requiring answers that would violate the attorney-client privilege, then American Home's counsel may instruct the corporate representative not to answer. See Fla. R. Civ. P. 1.310(c) (stating that a party may instruct a deponent not to answer "when necessary to preserve a privilege"). If this occurs, the trial court may be required to conduct an in-camera hearing to determine whether the deposition questions will elicit information protected by a privilege. See Hamilton v. Ramos, 796 So.2d 1269, 1270 (Fla. 4th DCA 2001). Similarly, to the extent that American Home contends that documents in the underwriting file may contain privileged information, the trial court may have to conduct an in-camera review.
Therefore, we grant American Home's petition for writ of certiorari, quash the challenged discovery order, and remand for further proceedings consistent with this opinion.
Petition granted, order quashed, and case remanded.
CASANUEVA and VILLANTI, JJ., Concur.