KHOUZAM, Judge.
 

 Seminole Casualty Insurance Company seeks certiorari review of a discovery order requiring it to produce certain items in its claims file. Because the trial court departed from the essential requirements of the law in ordering Seminole to produce these items, we grant the petition for writ of certiorari and quash the court’s order.
 

 Georgia Mastrominas, Nikolaos Mastro-minas, and Fotini H. Mastrominas sued Seminole after Seminole denied coverage for an accident that occurred on July 8, 2001. Seminole claimed that the policy had been cancelled and was not in effect on the date of the accident because Nikol-aos Mastrominas had made a material misrepresentation in the insurance application. During discovery, the Mastromi-nases requested a copy of the entire claims file. Seminole objected on the ground that the items requested were privileged. The trial court conducted an in camera review of the items and found that not all of the claim file materials were protected by attorney-client or work-product privileges.
 
 [1]
 
 The court entered an order requiring Seminole to produce those materials. This certiorari proceeding followed.
 

 
 *1258
 
 Certiorari review is appropriate when a discovery order departs from the essential requirements of the law, causing material injury to the petitioner throughout the remainder of the proceedings, and effectively leaving no adequate remedy on appeal.
 
 Allstate Ins. Co. v. Boecher,
 
 733 So.2d 993, 999 (Fla.1999);
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995). A trial court departs from the essential requirements of the law in compelling disclosure of the contents of an insurer’s claim file when the issue of coverage is in dispute and has not been resolved.
 
 See Am. Home Assur. Co. v. Vreeland,
 
 973 So.2d 668, 671 (Fla. 2d DCA 2008);
 
 GEICO Gen. Ins. Co. v. Hoy,
 
 927 So.2d 122, 126 (Fla. 2d DCA 2006);
 
 Gov’t Employees Ins. Co. v. Rodriguez,
 
 960 So.2d 794, 796 (Fla. 3d DCA 2007).
 

 Here, the Mastrominases alleged breach of contract and sought a declaratory judgment that coverage was in effect on the date of the accident. The lawsuit did not include a bad faith claim.
 
 See Hoy,
 
 927 So.2d at 124 (finding that in a bad faith suit, a plaintiff may obtain discovery of the claim file). Because the issue of coverage is in dispute and has yet to be determined, the court departed from the essential requirements of the law by ordering Seminole to disclose materials in its claim file.
 
 [2]
 

 See Vreeland,
 
 973 So.2d at 671;
 
 Rodriguez,
 
 960 So.2d at 796. Further, requiring the disclosure of claim file materials during the litigation of coverage issues would result in irreparable harm that cannot be adequately addressed on appeal.
 
 Hoy,
 
 927 So.2d at 126;
 
 see Vreeland, 973
 
 So.2d at 671.
 

 Accordingly, we grant Seminole’s petition for writ of certiorari and quash the court’s order compelling Seminole to produce certain items in its claim file.
 

 Petition granted; order quashed.
 

 NORTHCUTT, C.J., and CASANUEVA, J., Concur.
 

 [1]
 

 . Although the trial court addressed the question of privilege, it did not address the cases that we cite in our opinion as controlling.
 

 [2]
 

 . Our opinion should not be read as precluding appropriate discovery to the extent specific materials are discoverable.
 
 See Vreeland,
 
 973 So.2d at 672. Although a claims file is generally not discoverable, to the extent that materials contained therein are relied on at trial, those items may be discoverable.
 
 See Northup v. Acken,
 
 865 So.2d 1267, 1271 (Fla.2004) (holding that materials reasonably expected or intended to be
 
 used
 
 at trial
 
 are
 
 subject to discovery).