DAVIS, Judge.
Nationwide Insurance Company of Florida seeks certiorari review of the trial court’s interlocutory order granting Cookie Roberta Demmo’s motion to compel production of Nationwide’s claims notes, activity logs, property loss notice information, and property loss notice forms in Demmo’s first-party breach of contract action against Nationwide.[1] We grant the petition and quash the order.
On January 22, 2008, Demmo filed an insurance claim with Nationwide after her home sustained damage caused' by a sinkhole. Nationwide approved and paid out oh that claim. On May 4, 2009, Demmo filed a second claim with Nationwide for water intrusion that she alleged was related to the sinkhole. After investigating, Nationwide denied that claim on May 28, 2009. Demmo subsequently filed suit against Nationwide, alleging one count of breach of contract. In conjunction with that action, Demmo filed discovery requests. In response, Nationwide identified certain of the documents sought by Demmo as work product and refused to produce them. Demmo then filed a motion to compel, in which she noted that Nationwide “has. served a privilege log in the instant case claiming work-product privilege for approximately sixty-six pages of claims documents from January 22, 2008, through November 30, 2009.”
At the hearing on Demmo’s motion to compel, the trial, court made the finding *984 that any documents created prior to Nationwide’s May 28, 2009, denial of Dem-mo’s claim were not work product because they were not prepared in anticipation of litigation. As such, the trial court entered a written, nonfinal order giving Nationwide forty-five days to “produce the subject documents (i.e., claims notes/activity log, property loss notice information, and property loss notice forms) from the date of the loss until the date the claim was denied, May 28, 2009.”
With regard to common law certio-rari review of nonfinal trial court orders, the petitioner must demonstrate that the challenged order departs from the essential requirements of law and that unless relief is granted he or she will suffer an injury for which he or she will have no adequate remedy on appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). We conclude that Nationwide has met its burden here.
It appears, however, that the trial court focused on the question of what is and what is not work product with regard to the documents sought. But that is not the determinative issue. Rather, the issue turns on what type of action Demmo has brought. Here she is not pursuing a bad faith claim, but rather seeks relief for breach of contract. “A trial court departs from the essential requirements of the law in compelling disclosure of the contents of an insurer’s claim file when the issue of coverage is in dispute and has not been resolved.” Seminole Cas. Ins. Co. v. Mastrominas, 6 So.3d 1256, 1258 (Fla. 2d DCA 2009) (emphasis added). “Further, requiring the disclosure of claim file materials during the litigation of coverage issues would result in irreparable harm that cannot be adequately addressed on appeal.” Id.
Accordingly, we grant the petition and quash the discovery order.[2]
NORTHCUTT and WALLACE, JJ., Concur.

. The Nationwide policy at issue in this case was for a house owned in trust by Sonia E. Dann. When Ms. Dann passed away, Demmo became the successor trustee.

. As this court did in Mastrominas, 6 So.3d at 1258 n. 2, we emphasize that [o]ur opinion should not be read as precluding appropriate discovery to the extent specific materials are discoverable. See [Am. Home Assur. Co. v.] Vreeland, 973 So.2d [668,] 672 [ (Fla. 2d DCA 2008) ]. Although a claims file is generally not discoverable, to the extent that materials contained therein are relied on at trial, those items may be discoverable. See Northup v. Acken, 865 So.2d 1267, 1271 (Fla.2004) (holding that materials reasonably expected or intended to be used at trial are subject to discovery).