LOGUE, J.
Castle Key Insurance Company filed this petition seeking a writ of certiorari to quash a trial court order dated June 10, 2013, which granted a motion to compel better answers to certain interrogatories filed by Raimundo and Eugenia Benitez (“the insureds”). Castle Key asserts that the trial court order departs from the essential requirements of law by requiring the production of its claims file within the context of a breach of contract action by the insureds, prior to the resolution of whether coverage exists. We agree.
Under established Florida law, “discovery which concerns only potential issues of bad faith or other purported improprieties in defending [a] claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage.” Granada Ins. Co. v. Ricks, 12 So.3d 276, 277 (Fla. 3d DCA 2009); see also State Farm Fla. Ins. Co. v. Aloni, 101 So.3d 412, 414 (Fla. 4th DCA 2012) (“[W]here the issue of coverage is still unresolved at the time of the insurer’s objection to the request for discovery of its claim file, the trial court departs from the essential requirements of law in overruling the insurer’s objection.”). In considering objections to discovery requests for claims file materials, the “determinative issue” is “what type of action” the insured has brought. Nationwide Ins. Co. of Fla. v. Demmo, 57 So.3d 982, 984 (Fla. 2d DCA 2011). Where, as here, the insured
is not pursuing a bad faith claim, but rather seeks relief for breach of eon-tract[,][a] trial court departs from the essential requirements of the law in compelling disclosure of the contents of an insurer’s claim file when the issue of coverage is in dispute and has not been resolved.
Id. (citation, internal quotation, and alteration omitted).
Because the trial court order at issue directed the production of Castle Key’s “claims file” when the issue of coverage is still in dispute, the order departs from the essential requirements of law.[1] *381 Having determined that Castle Key’s petition is well-taken, we grant the petition, and quash the order on review.

. The insureds assert that their interrogatories were not directed at "claims handling" material, which the insureds describe as information with regard to Castle Key’s busi *381 ness practices and procedures. The case law prohibiting the disclosure of "claims file” material, however, clearly encompasses items such as notes in the claims file, property loss information, and property loss notice forms, which are all specific to the handling of an individual claim. See Demmo, 57 So.3d at 984. And the insureds admit that the discovery requests at issue sought, among other items, "written communications regarding the claim” and "documents relied upon for the denial of the claim” from Castle Key’s claim file.