PER CURIAM.
Petitioner seeks a writ of certiora-ri, challenging an order overruling its work product and attorney-client privilege objections to the production of parts of its case file. Certiorari review is generally appropriate in this context, State Farm Fla. Ins. Co. v. Marascuillo, 161 So.3d 493 (Fla. 5th DCA July 3, 2014) (citing Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999)), and we find certiorari relief to be appropriate in this case.
First, the trial court .erred by finding the work product privilege to be inapplicable on grounds that the current case between these parties involves issues different than those presented in the prior litigation for which the documents were prepared. See Butler v. Harter, 152 So.3d 705, 711 (Fla. 1st DCA 2014) (“It is well-established that ‘work product retains its qualified immunity after the original litigation terminates, regardless of whether or not the subsequent litigation is related.’ ” (quoting Alachua Gen. Hosp., Inc. v. Zimmer USA, Inc., 403 So.2d 1087, 1088 (Fla. 1st DCA 1981))).
Second, the trial court erred by finding the attorney-client privilege inapplicable without ever reviewing the documents at issue. See Nationwide Mut. Fire Ins. Co. v. Hess, 814 So.2d 1240, 1243 (Fla. 5th DCA 2002) (“[T]he trial court should not have ordered production of these communications without first conducting an in-camera inspection thereof.”); Alliant Ins. *1254 Servs. Inc. v. Riemer Ins. Grp., 22 So.3d 779, 781 (Fla. 4th DCA 2009) (“If a party seeks to compel the disclosure of documents that the opposing party claims are protected by attorney-client privilege, the party claiming the privilege is entitled to an in camera review of the documents by the trial court prior to disclosure.”) (citations omitted).
Third, the trial court erred by finding that the attorney-client privilege was waived by counsel’s statement at a hearing. Although counsel stated, upon prompting by the trial judge, that he did not anticipate objecting to the discovery requests, this exchange was not sufficient to waive the client’s objections, which were later timely asserted in counsel’s written responses to the requests. See generally, Charles W. Ehrhardt, Florida Evidence § 502.8 (2014 ed.) (“The client is the holder of the privilege and is the only person who may waive it.”) (citations omitted).
Finally, the trial judge erred by finding that the privilege was waived by counsel’s filing of a privilege log which the judge viewed as insufficient due to its lack of detail. The log was not produced in response to a trial court order and could have been amended to cure any defects had counsel been given that opportunity. Although a waiver of privileges can ultimately serve as a sanction for failing to follow discovery rules, “Florida’s courts generally recognize that an implicit waiver of an important privilege as a sanction for a discovery violation should not be favored, but resorted to only when the violation is serious.” Bankers Sec. Ins. Co. v. Symons, 889 So.2d 93, 95 (Fla. 5th DCA 2004) (citations omitted).
Accordingly, we grant certiorari, quash the ordér on review, and remand for further proceedings consistent with this opinion.
LAWSON, COHEN and BERGER, JJ., concur.