# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1871
Lower Tribunal Nos. 13-266 AP, 13-267 AP, 13-278 AP

_____

**State Farm Mutual Automobile Insurance Company,**
Petitioner,

vs.

**Premier Diagnostic Centers, LLC, (a/a/o Sherry Dujon, Dolores Lancaster, Maria Lopez),**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, George A. Sarduy, Valerie R. Manno Schurr and Lisa S. Walsh, Judges.

Kirschbaum, Birnbaum, Lippman & Gregoire and Nancy W. Gregoire, (Fort Lauderdale); Roig Lawyers and Christine Louissaint, (Deerfield Beach), for petitioner.

Marlene S. Reiss, for respondent.

Before SUAREZ, C.J., and WELLS and LOGUE, JJ.

WELLS, J.

State Farm petitions for issuance of this court's writ quashing three trial court orders requiring State Farm, in three first-party non-bad-faith cases, to produce portions of its adjusters' claims files to a medical care provider. Because this and other courts have repeatedly held that an insurer's claim file is not discoverable in cases such as this, we find not only that the wrong law was applied below but also that an irreparable departure from the essential requirements of the law resulting in manifest injustice has occurred as well. See Castle Key Ins. Co. v. Benitez, 124 So. 3d 379, 380 (Fla. 3d DCA 2013) ("Because the trial court order at issue directed the production of Castle Key's 'claims file' when the issue of coverage is still in dispute, the order departs from the essential requirements of law."); State Farm Fla. Ins. Co. v. Desai, 106 So. 3d 5, 6 (Fla. 3d DCA 2013) (cautioning that a trial court departs from the essential requirements of law in permitting discovery of claim file materials, including adjuster's notes in the claim file, while the coverage litigation has not concluded); State Farm Florida Ins. Co. v. Ramirez, 86 So. 3d 1198, 1198 (Fla. 3d DCA 2012) (recognizing the claim file protection); State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc., 74 So. 3d 105, 108 (Fla. 3d DCA 2011) (en banc) ("For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final

2

judgment." (quoting Belair v. Drew, 770 So. 2d 1164, 1166 (Fla. 2000)));

Nationwide Ins. Co. of Fla. v. Demmo, 57 So. 3d 982, 984 (Fla. 2d DCA 2011)

(concluding that "requiring the disclosure of claim file materials during the

litigation of coverage issues would result in irreparable harm that cannot be

adequately addressed on appeal") (quoting Seminole Cas. Ins. Co. v. Mastrominas,

6 So. 3d 1256, 1258 (Fla. 2d DCA 2009))); Old Republic Nat'l Title Ins. Co. v.

HomeAmerican Credit, Inc., 844 So. 2d 818, 819 (Fla. 5th DCA 2003) ("[A] party

is not entitled to discovery of an insurer's claim file . . . in an action for insurance

benefits . . . until the insurer's obligation to provide coverage has been

established."); State Farm Fla. Ins. Co. v. Gallmon, 835 So. 2d 389, 390 (Fla. 2d

DCA 2003) (confirming that an insurer's claim files, investigative reports, and

notes "are either irrelevant to the first-party dispute that this case presents or are

privileged work product"); Scottsdale Ins. Co. v. Camara De Comercio Latino-

Americana De Los Estados Unidos, Inc., 813 So. 2d 250, 251 (Fla. 3d DCA 2002)

("When the issue of insurance coverage is unresolved and at issue in pending court

proceedings, a trial court must not order an insurer to produce its claims files and

other work product documents."); State Farm Fire & Cas. Co. v. Valido, 662 So.

2d 1012, 1013 (Fla. 3d DCA 1995) (concluding "[i]n this proceeding for certiorari,

we quash in its entirety an order of production upon the holdings that (a) State

Farm's claim files, manuals, guidelines and documents concerning its claim

handling procedures were irrelevant to the first party dispute involved in this case"); see also Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So. 2d 1021, 1022 (Fla. 4th DCA 1998) ("Orders compelling production of matters claimed to be protected by the attorney-client privilege or work product doctrine present the required potential for irreparable harm."); Fireman's Fund Ins. Co. v. Signorellli, 681 So. 2d 720, 721 (Fla. 2d DCA 1996) (explaining that the work product privilege can apply to "investigative materials" if they were compiled "in response to some event which foreseeably could be made the basis of a claim").[1]

Accordingly we issue the writ sought and quash the decision of the court below affirming the three orders at issue requiring State Farm to produce its adjusters' notes to Premier Diagnostic Centers, LLC.

Petition granted.

---

[1] In reaching this result we find Marshalls of MA, Inc. v. Minsal, 932 So. 2d 444 (Fla. 3d DCA 2006), which did not involve an insurer's claim file or any portion thereof, to be inapposite.