IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

      Petitioner,

 v.

Case No.  5D17-2346

LORI FELLER, LEGAL GUARDIAN OF
THE PERSON AND PROPERTY OF
JAMES MONDELLO, R. KEITH WILLIAMS,
INDIVIDUALLY; R. KEITH WILLIAMS, P.A.;
CHRISTINE MONDELLO; RICHARD G.
HALPERN, ETC., ET AL.,

      Respondents.

_____/

Opinion filed February 2, 2018

Petition for Certiorari Review of Order
from the Circuit Court for Brevard County,
Lisa Davidson, Judge.

Jason M. Azzarone and Kari K. Jacobson,
of La Cava & Jacobson, P.A., Tampa, for
Petitioner.

O. John Alpizar and Scott Alpizar, of
Alpizar Law, LLC, Palm Bay, for
Respondent, Lori Feller.

No Appearance for other Respondents.

EVANDER, J.

Petitioner seeks a writ of certiorari, challenging an order overruling its work-product and attorney-client privilege objections to the production of parts of its case file. We previously ordered the trial court to conduct an in camera review of the documents originally requested by Respondent, Lori Feller. *See Sedgwick Claims Mgmt. Servs., Inc. v. Feller*, 163 So. 3d 1252 (Fla. 5th DCA 2015).

On remand, the trial court conducted an extensive in camera review of the numerous documents initially at issue. Petitioner now challenges the June 2017 order to the extent it requires Petitioner to produce documents 119, 132, 134, 135, 218-219, 220-221, 231-232, 360-361, 393-396, and 596-597 as designated in the sealed portion of the record.

After conducting our own review of the documents, we conclude that documents 218-219, 231-232, and 596-597 are privileged attorney-client communications. Accordingly, the trial court's order requiring production of said documents constituted a departure from the essential requirements of law. *See* § 90.502(2), Fla. Stat. (2006); *see also Genovese v. Provident Life & Accident Ins. Co.*, 74 So. 3d 1064, 1068 (Fla. 2011) ("[T]he attorney-client privilege, unlike the work-product doctrine, is not concerned with the litigation needs of the opposing party.") We also conclude that documents 360-361 are protected by the work-product doctrine. We deny the petition as to the remaining documents.

PETITION GRANTED, in part; DENIED, in part; and REMANDED.

BERGER and EDWARDS, JJ., concur.

2