NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


OWNERS INSURANCE COMPANY,    )
                                 )

        Petitioner,          )
                                 )

v.                             )        Case No. 2D18-4385
                                 )

JAMES A. ARMOUR, individually and  )
as Trustee of THE BAY SHORE ROAD  )
TRUST U/A/D OCTOBER 1, 2008;    )
4449 HOLDINGS, LLC; THE STUCCO   )
COMPANY OF IDAHO; PREFERRED    )
CONTRACTORS INSURANCE RISK     )
RETENTION GROUP, LLC; and MQ     )
WINDOWS, INC.,               )
                                 )

        Respondents.        )
_____)

Opinion filed September 9, 2020.

Petition for Writ of Certiorari to the Circuit
Court for Sarasota County; Andrea McHugh,
Judge.

Robin P. Keener and John D. Russell of
Stoler, Russell, Keener, Verona, P.A.,
Tampa, for Petitioner.

Louis D. D'Agostino of Cheffy Passidomo,
P.A., Naples (withdrew after briefing); and
Debbie Sines Crockett of Cheffy Passidomo,
P.A., Tampa (withdrew after briefing);
Matthew B. Devisse, Edmond E. Koester,
and Richard D. Yovanovich of Coleman,
Yovanovich & Koester, P.A., Naples, for
Respondents James A. Armour, individually

and as Trustee of the Bay Shore Road Trust U/A/D October 1, 2008; and 4449 Holdings, LLC.

No appearance for remaining Respondents.


KHOUZAM, Chief Judge.

Owners Insurance Company has filed a petition for writ of certiorari seeking review of the circuit court's order denying in part its motion for protective order and allowing certain discovery by James A. Armour, individually and as Trustee of the Bay Shore Road Trust U/A/D October 1, 2008; and 4449 Holdings, LLC (collectively, "Armour"). Because part of the circuit court's order appropriately limited discovery, we deny the petition in part. However, because part of the circuit court's order departed from the essential requirements of the law by allowing impermissible discovery, we grant the petition in part, quash that portion of the order, and remand for further proceedings consistent with this opinion.

The discovery order at issue was entered in a declaratory action over insurance coverage for alleged defective construction of a residential property located at 4449 Bay Shore Road in Sarasota. Armour, the current owner of the property, had filed suit alleging entitlement to insurance coverage as an additional insured under the policies issued to the subcontractors involved in constructing the residence. Owners had issued a policy to one of those subcontractors, The Stucco Company of Idaho.

Armour alleged in the operative complaint that all conditions precedent to the filing of the suit had been met and that Owners had "plainly [been] given notice of all claims which are the subject of this lawsuit." Owners denied these allegations. In an

effort to rebut Owner's denial, Armour repeatedly sought discovery seeking to determine if Owners had received notice. Owners declined to produce the requested discovery, even after a magistrate granted Armour's motion to compel.

Still unsatisfied with Owners' responses to his discovery requests, Armour sought to take depositions of certain Owners employees and representatives in order to discover information regarding whether Owners had received notice. Specifically, Armour sought to depose Jennifer Howard, Owners' claims adjuster; Cliff Storr, Owners' senior attorney; Andy Corbin, Owners' director of home office claims; and Betty Carbone, Owners' assistant manager of underwriting. After an extended period of negotiations, the parties appeared to agree to certain areas of inquiry and limitations on the testimony, and the depositions were scheduled. In a March 29, 2018, letter to Armour's counsel, Owners' counsel confirmed the following topic parameters for the corporate representative depositions:

1. Mr. Storr will testify as a corporate representative on the specific coverage and denial of defense decisions made by the Company that are the subject of the Third [Amended] Complaint . . . .

2. Mr. Corbin will testify as corporate representative regarding the Company's standards and guidelines for the adjustment of commercial general liability claims in Florida.

3. Ms. Carbone will testify as a corporate representative about the underwriting of the specific policies referenced in the Third Amended Complaint. Her testimony will be limited to the applications submitted, the underwriting department's application review process and the underwriting decisions made in assisting the insured with procurement of the specific policies at issue in this litigation.

The letter also indicated that Howard would be produced "in her individual capacity as a fact witness," and the notice of deposition duces tecum stated that she would be questioned on various details of Owners' coverage decisions involved in the case. In the same March 29 letter, however, Owners demanded a consent protective order be signed and filed with the court before the depositions proceeded. When Armour declined to agree to the protective order, the depositions were cancelled. Owners later amended the motion for protective order so that it sought to completely prevent Armour from deposing any of the witnesses, arguing that the testimony was prohibited under Florida law because it would invade and seek discovery of the claims file.

A hearing was held before a magistrate, who entered a recommended order directing the depositions to go forward with limitations on the scope of inquiry. Corbin's and Carbone's depositions would be allowed on the topics set forth in the March 29 letter, based on the magistrate's conclusion that "[g]iven the agreement of Owners" reflected in the letter these notices were "not problematic." The magistrate also noted that Armour was "entitled to depose Cliff Storr in his capacity as a corporate representative on the topics previously agreed upon in the March 29, 2018[,] letter from Owners' counsel." To the extent that the deposition notices directed at Storr and Howard exceeded the type of documents permissible under Florida law, however, Armour was required to amend them to comply with the law.

Owners filed exceptions to the recommended order. The circuit court overruled the exceptions and ratified the recommended order. The court did question the magistrate's finding that the deposition notices for Corbin and Carbone were "not problematic" based on the March 29 letter. "But it seems that what [the magistrate]

- 4 -

really did is . . . apply the law to the facts of this case to narrow what Mr. Armour could seek at deposition given that this is a notice case where they do have . . . an ability to seek evidence regarding receipt of service of certain documents," the court ultimately concluded.

In its petition in this court, Owners argues that the circuit court departed from the essential requirements of law by allowing discovery into topics prohibited by Florida law and that Owners will suffer irreparable harm if this improper information is produced. "The Florida Supreme Court has explained that certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceeding in the trial court, effectively leaving no adequate remedy on appeal." Am. Home Assur. Co. v. Vreeland, 973 So. 2d 668, 671 (Fla. 2d DCA 2008). A discovery order improperly compelling production is reviewable by certiorari. See State Farm Fla. Ins. Co. v. Desai, 106 So. 3d 5, 6 (Fla. 3d DCA 2013).

As both the magistrate and circuit court acknowledged, Second District case law is replete with opinions holding that "[a] trial court departs from the essential requirements of the law in compelling disclosure of the contents of an insurer's claim file when the issue of coverage is in dispute and has not been resolved." Seminole Cas. Ins. Co. v. Mastrominas, 6 So. 3d 1256, 1258 (Fla. 2d DCA 2009); see also State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 637 (Fla. 2d DCA 2008) ("[A] party is not entitled to discovery of an insurer's claim file or documents relating to the insurer's business policies or practices regarding the handling of claims in an action for insurance benefits combined with a bad faith action until the insurer's obligation to provide

- 5 -

coverage has been established." (quoting Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc., 844 So. 2d 818, 819-20 (Fla. 5th DCA 2003))); Vreeland, 973 So. 2d at 671-72 ("[T]o the extent that the trial court's order requires production of American Home's claims files while the parties are engaged in a coverage dispute, the order causes irreparable injury by allowing discovery of material protected by the work-product privilege. Deposition testimony by a corporate representative on these privileged matters is likewise prohibited." (citations omitted)); GEICO Gen. Ins. Co. v. Hoy, 927 So. 2d 122, 125 (Fla. 2d DCA 2006) ("When a litigant files claims for both coverage and bad faith in the same action, the insurer's claim file is not discoverable until the issue of coverage has been resolved."); State Farm Fla. Ins. Co. v. Gallmon, 835 So. 2d 389, 390 (Fla. 2d DCA 2003) (quashing "a wide-ranging order to State Farm to produce its claim files, investigative reports, adjuster notes, underwriting files, company policies and manuals, training materials, certain personnel files, sales brochures and marketing materials, computer manuals for operating internal software and programs, details of rewards and bonus programs for employees, employee incentive and compensation programs, third-party programs and correspondence about sinkhole claims, its casualty claims manual and estimating manual, and minutes of meetings at which sinkhole claims were discussed").

Even though "[t]he disclosure of various types of information can result in irreparable harm, including material protected by privilege, trade secrets, or work product," the baseline "test for discovery is always relevance" to the disputed issues of the underlying action. Diaz-Verson v. Walbridge Aldinger Co., 54 So. 3d 1007, 1009 (Fla. 2d DCA 2010). Indeed, in American Home Assurance Co. v. Vreeland, 973 So. 2d

- 6 -

668, 672 (Fla. 2d DCA 2008), this court allowed discovery of an underwriting file limited to documents pertaining to a specific issue in the litigation—whether Aerolease of America was the owner or lienholder of the insured aircraft—while coverage was still in dispute. Cf. Revello Med. Mgmt., Inc. v. Med-Data Infotech USA, Inc., 50 So. 3d 678, 680 (Fla. 2d DCA 2010) ("Under Florida's 'at issue' doctrine, '[w]hen a party has filed a claim, based upon a matter ordinarily privileged, the proof of which will necessarily require that the privileged matter be offered in evidence,' he waives his right to claim that the matter is privileged in pretrial discovery." (alteration in original) (quoting Savino v. Luciano, 92 So. 2d 817, 819 (Fla. 1957))). The Vreeland court further explained:

> If questions are asked during a deposition requiring answers that would violate the attorney-client privilege, then American Home's counsel may instruct the corporate representative not to answer. See Fla. R. Civ. P. 1.310(c) (stating that a party may instruct a deponent not to answer "when necessary to preserve a privilege"). If this occurs, the trial court may be required to conduct an in-camera hearing to determine whether the deposition questions will elicit information protected by a privilege. See Hamilton v. Ramos, 796 So. 2d 1269, 1270 (Fla. 4th DCA 2001). Similarly, to the extent that American Home contends that documents in the underwriting file may contain privileged information, the trial court may have to conduct an in-camera review.

Vreeland, 973 So. 2d at 672.

Here, the magistrate correctly concluded that Armour was entitled to depose Owners' representatives on the specific issue of notice because Armour alleged that notice had been given while Owners denied receiving notice, putting receipt of notice at issue. The magistrate also correctly determined that the deposition notices for Jennifer Howard and Cliff Storr "extend[ed] far beyond the notice and discovery issues and stray[ed] into those areas of claims handling and matters otherwise prohibited by

Florida law." Accordingly, the magistrate concluded that Armour could depose these two witnesses on topics relevant to notice but that the deposition notices needed to be amended to comply with Florida law and that the witnesses' testimony would be limited to topics not precluded by Florida law.

However, as to the testimony of Andy Corbin and Betty Carbone, the magistrate concluded that Armour was "entitled to depose these individuals in their capacity as corporate representatives on the topics previously agreed upon in the March 29, 2018[,] letter from Owners' counsel." The order also states that Armour was entitled to depose Storr on the agreed-upon topics. Essentially, the magistrate appears to have concluded that any privilege had been waived by the March 29 letter. But it is axiomatic that an attorney cannot waive a privilege objection for a client. See Sedgwick Claims Mgmt. Servs., Inc. v. Feller, 163 So. 3d 1252, 1254 (Fla. 5th DCA 2015) ("The client is the holder of the privilege and is the only person who may waive it." (quoting Charles W. Ehrhardt, Florida Evidence § 502.8 (2014 ed.))); Nova Se. Univ., Inc. v. Jacobson, 25 So. 3d 82, 86 (Fla. 4th DCA 2009) ("The privilege belongs to the client . . . ."). This is true even where counsel indicates an intent to produce certain discovery but later raises a privilege objection to the production of that discovery. See, e.g., Sedgwick, 163 So. 3d at 1254 ("[T]he trial court erred by finding that the attorney-client privilege was waived by counsel's statement at a hearing. Although counsel stated, upon prompting by the trial judge, that he did not anticipate objecting to the discovery requests, this exchange was not sufficient to waive the client's objections, which were later timely asserted in counsel's written responses to the requests."); Huet v. Tromp, 912 So. 2d 336, 339 (Fla. 5th DCA 2005) (holding that the Huets were entitled

to claim work product privilege despite previous waiver; waiver had been cured when the Huets struck the witnesses at issue from their witness list); <u>Truly Nolen Exterminating, Inc. v. Thomasson</u>, 554 So. 2d 5, 5-6 (Fla. 3d DCA 1989) ("A failure to assert a work-product privilege at the earliest opportunity, in response to a discovery motion, does not constitute a waiver of the privilege so long as the privilege is asserted by a pleading, to the trial court, before there has been an actual disclosure of the information alleged to be protected.").

As set forth in the March 29 letter, the parameters for questioning Corbin and Carbone are patently overbroad because they allow for discovery of information in the claim file and documents relating to the insurer's business policies or practices regarding the handling of claims.  <u>See</u> <u>Mastrominas</u>, 6 So. 3d at 1258; <u>O'Hearn</u>, 975 So. 2d at 637; <u>Vreeland</u>, 973 So. 2d at 671-72; <u>Hoy</u>, 927 So. 2d at 126; <u>Gallmon</u>, 835 So. 2d at 390.  The letter provided that Corbin would testify broadly on "the Company's standards and guidelines for the adjustment of commercial general liability claims in Florida."  And Carbone would testify "about the underwriting of the specific policies referenced in the Third Amended Complaint," including "the applications submitted, the underwriting department's application review process and the underwriting decisions made in assisting the insured with procurement of the specific policies at issue in this litigation."  Corbin's and Carbone's testimony should be limited in the same way Howard's and Storr's testimony was limited: their testimony should be confined to the issue of notice, their testimony should be restricted to topics not precluded by Florida law, and their deposition notices should be amended to comply with Florida law.

Thus, to the extent that the circuit court appropriately limited the witnesses' testimony according to Florida law, we deny Owners' petition for writ of certiorari. However, to the extent that the circuit court held that Owners had waived its privilege objections based on the March 29 letter, we grant the petition, quash that portion of the circuit court's order, and remand for proceedings consistent with this opinion.

Denied in part, granted in part, and remanded.

LaROSE and ROTHSTEIN-YOUAKIM, JJ., Concur.